IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATIE F. LAPP,** | : Civil No. 1:22-cv-0949 |
| **Plaintiff,** | : |
| v. | : |
| **DAVID ALAN COHEN, et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

### O R D E R

**AND NOW**, this 16th day of November, 2023, upon consideration of the Report and Recommendation of United States Magistrate Judge Saporito (Doc. 36), and Lapp's objections to the Report and Recommendation (Doc. 37), **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Saporito (Doc. 36) is **ADOPTED**;

2. Lapp's Objections to the Report and Recommendation (Doc. 37) are **OVERRULED**;[1]

---

[1] When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

3. Lapp's § 1983 claims for injunctive relief are **DISMISSED** as moot to the extent they seek release from incarceration or modification of her conditions of confinement, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure;

4. Lapp's § 1983 claims for injunctive relief are **DISMISSED** for lack of subject matter jurisdiction to the extent they seek an order by this court rejecting a previous state-court judgment and directing that Lapp be awarded custody of the child, H.R.C., pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure;

5. Lapps's § 1983 claims against David Allen Cohen and Trudy Mintz are **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

6. Lapps' § 1983 claims against Brian Baker, Joshua Stimeling, Kyle L. Drick, D. Peter Johnson, Jennifer Bowers, and Ernest Ritter are **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1);

7. Lapp's motions for preliminary injunctive relief (Doc. 17; Doc. 25; Doc. 31) are **DISMISSED** as moot;

8. The Clerk of Court is directed to mark this case **CLOSED**; and

---

Here, Lapp's purported objections do not actually take issue with the substance of the Report and Recommendation. (*See* Doc. 36.) Instead, her objections merely reiterate her "redemptionist" theory and assert that she does not accept the Report and Recommendation' conclusions. The court therefore construes the objections as general objections and limits its review "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-cv-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). Finding no such error or injustice here, the court agrees with the Report and Recommendation and will adopt it in its entirety.

9. Any appeal taken from this order is deemed frivolous and not in good faith.

> s/Sylvia H. Rambo
> Sylvia H. Rambo
> United States District Judge